UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP<br><br>                            Plaintiff,<br><br>    v.<br><br>SOUTH VALLEY RANCH COMMUNITY ASSOCIATION; HITCHEN POST DR. TRUST; HOMEOWNER ASSOCIATION SERVICES, INC.,<br><br>                            Defendants. | Case No. 2:16-cv01013-KJD-CWH<br><br>ORDER |

Before the Court is Defendant Homeowner Association Services' Motion to Dismiss Plaintiff's Complaint (#14). Plaintiff filed a response in opposition (#15) to which Defendant replied (#16).

**I. Background**

This action arises out of a dispute over the non-judicial foreclosure of real property. On or about March 30, 2009, Mary Jayne Swearingen and Charles Swearingen (Borrowers) obtained a mortgage in the amount of $140,409.00. The note and senior deed of trust were insured by the Federal Housing Administration (FHA). The senior deed of trust was assigned to Plaintiff, Bank of America, N.A. (BANA). The borrowers subsequently defaulted on their obligations to Bank of America and Defendant South Valley Ranch Community Association (HOA).

Following borrowers' default, HOA through its agent Homeowner Association Services,

Inc. (HASI), recorded a notice of delinquent assessment lien on the property. At that point the amount owed to HOA was $575.00. The borrowers failed to satisfy the delinquency and on July 17, 2013 HASI recorded a notice of default with $2,249.00 due to HOA. The borrowers again failed to tender payment and HASI recorded a notice of trustee sale with $3,978.74 due to HOA.

On August 2, 2013 Plaintiff contacted HOA, via its agent HASI, and requested a ledger detailing the super-priority lien amount. HASI refused to furnish a ledger detailing the super-priority lien amount. Plaintiff then attempted to calculate the super-priority lien amount and tendered payment to HOA in the amount of $180.00. Despite Plaintiff's payment, HOA foreclosed on the property on or about February 13, 2014. Defendant Hitchen Post Dr. Trust (Hitchen Post) purchased the home at the foreclosure sale for $21,100.00.

Plaintiff then filed the instant complaint. In its complaint, Plaintiff alleges four causes of action: quiet title and declaratory judgment against every defendant, breach of NRS § 116.1113 against HOA and HASI, wrongful foreclosure against HOA and HASI, and injunctive relief against Hitchen Post. Defendant HASI filed a motion to dismiss Plaintiff's quiet title and declaratory relief, breach of NRS § 116.1113, and wrongful foreclosure claims.

**II. Legal Standard for Dismissal**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). "Factual allegations must be enough to raise a right to relief above the

speculative level." Twombly, 550 U.S. at 555.  Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter to 'state a claim for relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (citation omitted).

In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions or mere recitals of the elements of a cause of action, supported only by conclusory statements, are not entitled to the assumption of truth.  Id. at 678.  Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  Id. at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  Id. at 678.  Further, where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." Id. at 679 (internal quotation marks omitted).  Thus, when the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed.  Twombly, 550 U.S. at 570. Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." In re StacElecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

**III. Analysis**

    **A.  Quiet Title and Declaratory Judgment**

In its motion, Defendant seems to argue both a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction as well as a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.  The Court will analyze each in turn.

Defendant argues the Court lacks subject matter jurisdiction to grant declaratory relief

3

because Plaintiff's claims do not present a federal question pursuant to 28 U.S.C. § 1331 nor is there sufficient amount in controversy between Plaintiff and Defendant HASI, pursuant to 28 U.S.C. § 1332.  It is not relevant to the Court whether a matter qualifies for federal jurisdiction under the federal question doctrine or through complete diversity of citizenship.

However, Defendant argues that, because Plaintiff's claim for declaratory judgment is an equitable remedy, Plaintiff cannot satisfy the amount in controversy prong of 28 U.S.C. 1332. To establish federal jurisdiction pursuant to 28 U.S.C. 1332, the parties must be citizens of different states and the amount at controversy must exceed $75,000.00.  28 U.S.C. § 1332; Lincoln Property Co. v. Roche, 546 U.S. 81, 89 (2005).  The amount at controversy is measured by the value of the object of the litigation rather than the value of the claim between the plaintiff and each individual defendant.  Hunt v. Washington State Apple Advertising Com'n, 432 U.S. 333, 347 (1977) (stating "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation"); Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002).

Although declaratory judgment is an equitable remedy, here, the value of the object of litigation exceeds $75,000.00.  Plaintiff's claim arises from its security interest in a piece of real property valued greater than $75,000.00.  (#1 at 1).  As the amount in controversy is satisfied, and the parties do not dispute diversity of citizenship, the Court properly has jurisdiction over the instant dispute pursuant to 28 U.S.C. 1332.  Therefore, the Court denies Defendant's motion to dismiss for lack of subject matter jurisdiction.

Defendant also argues that, regardless of whether the Court has subject matter jurisdiction, Plaintiff has failed to state a declaratory relief claim upon which relief can be granted.  Defendant claims the absence of a contract or special relationship between the parties flaws Plaintiff's declaratory judgment action.  In support, Defendant cites Kress v. Corey, 189

P.2d 352 (Nev. 1948).  However, <u>Kress</u> does require a contract or special relationship between the parties of a declaratory relief claim.  Moreover, the <u>Kress</u> court found that the elements of declaratory relief may be summarized as follows:

> (1) there must exist a justiciable controversy; that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking declaratory relief must have a legal interest in the controversy, that is to say, a legally protectable interest; and (4) the issue involved in the controversy must be ripe for judicial determination.

<u>Kress</u>, 189 P.2d at 364 (quoting <u>Declaratory Judgments</u>, Borchard, pp. 26-57); <u>County of Clark ex rel. Univ. Med. Ctr. V. Upchurch</u>, 961 P.2d 754, 756 (Nev. 1998).  The Court looks to the allegations of the complaint to determine whether Plaintiff has pled sufficient facts on each element of declaratory relief.

In its complaint, Plaintiff disputes the validity of Defendant's non-judicial foreclosure, which if valid, will extinguish Plaintiff's security interest in the property.  NRS § 40.010 allows for action against adverse parties in claims of interest in real property.  This action involves adverse parties in a justiciable controversy over an interest in real property.  Additionally, according to NRS § 40.010, Plaintiff's interest in the controversy is a legally protected interest.  Lastly, the issue is ripe for judicial determination.  The parties have exhausted mediation through the Nevada Real Estate Division (NRED), and the property has been conveyed to a third party.  (#1 at 3, 6).  Without judicial intervention, Plaintiff risks losing its security interest in the disputed property.  The Court finds that Plaintiff has alleged plausible facts to support each of the elements of a declaratory judgment claim.  Therefore, the Court denies Defendant's motion to dismiss Plaintiff's claim for declaratory judgment.

### B. Breach of NRS § 116.1113

NRS § 116.1113 imposes an obligation of good faith among every "contract or duty" governed under the Common-Interest Ownership Uniform Act. Defendant argues Plaintiff's NRS § 116.1113 claim fails under <u>SFR Investments Pool 1, L.L.C. v. U.S. Bank, N.A.</u>, 334 P.3d 408 (Nev. 2014), which held that a plaintiff cannot refuse to remit payment of the superpriority lien merely because an HOA, or its agent, did not provide an accurate ledger. See <u>Id.</u> ("nothing appears to have stopped [plaintiff] from determining the precise superpriority amount in advance of the sale or paying the entire amount and requesting a refund of the balance.")

Here, however, Plaintiff requested an itemized ledger from HASI. When HASI refused to provide the ledger, Plaintiff attempted to calculate and remit the superpriority lien amount prior to foreclosure. (# 1 at 5, 12). Plaintiff's attempt to satisfy the superpriority lien balance distinguishes this case from <u>SFR Investments</u>, where the plaintiff failed to calculate or remit any payment to satisfy a superpriority lien balance. Plaintiff not only asserts that Defendant's failure to provide a detailed invoice constitutes a breach of NRS § 116.1113, but also that Defendant's refusal to accept Plaintiff's remitted payment and subsequent foreclosure constitute breach of good faith pursuant to NRS § 116.1113. Therefore, the Court finds that Plaintiff has alleged sufficient facts in its complaint to support its NRS § 116.1113 claim.

### C. Wrongful Foreclosure

Defendant argues Plaintiff's wrongful foreclosure claim fails because Plaintiff has not sufficiently demonstrated it was not in default at the time of the foreclosure. In Nevada, a wrongful foreclosure claim challenges the authority behind a foreclosure, not the foreclosure itself. See <u>McKnight Family, L.L.P. v. Adept Mgmt. Services, Inc.</u>, 310 P.3d 555, 559 (Nev. 2013). A wrongful foreclosure claim may lie "if the trustor or mortgagor can establish that at the time . . . the foreclosure occurred, no breach of condition or failure of performance existed on the

mortgagor's or trustor's part which would have authorized the foreclosure." <u>Collins v. Union Fed. Sav. & Loan Ass'n</u>, 662 P.2d 610, 623 (Nev. 1983). The "material issue" of a wrongful foreclosure claim is whether the trustor was in default at the time of the foreclosure. <u>Id.</u>

Here, unlike in <u>Collins</u> and <u>McKnight</u>, where plaintiffs were individual trustors, Plaintiff is the mortgagor and beneficiary of a deed of trust. The Nevada Supreme Court has not decided whether beneficiaries of deeds of trust, such as Plaintiff, must prove non-breach and performance, similar to individual trustors. The Court finds that Plaintiff, a beneficiary of a deed of trust, is not required to prove the trustor's performance pursuant to <u>Collins</u> and <u>McKnight</u>. Moreover, Plaintiff, in its attempt to calculate and satisfy the superpriority lien amount, has essentially stood in the shoes of the trustor and demonstrated performance. Therefore, Plaintiff has pled sufficient facts to state its claim for wrongful foreclosure upon which relief can be granted.

**III. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (#14) is **DENIED**.

DATED:   August 4, 2016

_____
Kent J. Dawson
United States District Judge