MELANIE D. MORGAN, ESQ.
Nevada Bar No. 8215
TENESA SCATURRO, ESQ
Nevada Bar No. 12488
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, NV 89144
Telephone:  (702) 634-5000
Facsimile:  (702) 380-8572
Email:       melanie.morgan@akerman.com
Email:       tenesa.scaturro@akerman.com

*Attorneys for Plaintiff/Counterdefendant
Bank of America, N.A.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP,<br><br>                              Plaintiff,<br><br>vs.<br><br>SOUTH VALLEY RANCH COMMUNITY ASSOCIATION; HITCHEN POST DR. TRUST; and HOMEOWNER ASSOCIATION SERVICES, INC.,<br><br>                              Defendants. | Case No.: 2:16-cv-01013-KDJ-CWH<br><br>**STIPULATION AND ORDER TO STAY LITIGATION PENDING FINAL RESOLUTION OF PETITION(S) FOR WRIT OF CERTIORARI TO UNITED STATES SUPREME COURT** |
| HITCHEN POST DR. TRUST,<br><br>                              Counterclaimant,<br>vs.<br><br>BANK OF AMERICA, N.A.,<br><br>                              Counterdefendant.. | |

{41244004;1}                                                1

Plaintiff Bank of America, N.A. (**BANA**) and Defendants South Valley Ranch Community Association and Hitchen Post Dr. Trust (collectively, the **parties**)[1] stipulate as follows:

1. This lawsuit involves the parties seeking quiet title/declaratory relief and other claims related to a non-judicial homeowner's association foreclosure sale conducted on a Property pursuant to NRS 116.

2. On August 12, 2016, the Ninth Circuit issued its decision on appeal in *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1159-60 (9th Cir. 2016) holding that NRS 116 is facially unconstitutional. The Court of Appeals issued its mandate in the appeal on December 14, 2016, vacating and remanding the judgment to the United States District Court, District of Nevada.

3. On January 26, 2017, the Nevada Supreme Court issued its decision in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage, a Div. of Wells Fargo Bank*, *N.A.*, 133 Nev. Adv. Op. 5, ___ P.3d ___, 2017 WL 398426 (Nev. Jan. 26, 2017), holding, in direct contrast to *Bourne Valley*, that no state action supported a challenge under the Due Process Clause of the United States Constitution.

4. The parties in *Bourne Valley* and *Saticoy Bay* are seeking review of both decisions in the United States Supreme Court. Bourne Valley's deadline to file its petition for writ of certiorari of the Ninth Circuit's *Bourne Valley* decision is April 3, 2017. *See Bourne Valley Court Trust v. Wells Fargo Bank, NA.*, United States Supreme Court Case No. 16A753. Wells Fargo's deadline to file its petition for writ of certiorari of the Nevada Supreme Court's *Saticoy Bay* decision is April 25, 2017. Thus, the parties believe that the stay requested herein is appropriate.

5. On February 8, 2017, the Nevada Supreme Court stayed the issuance of the remittitur in *Saticoy Bay* pending the filing of a petition for a writ of certiorari with the United States Supreme Court, and if a petition is filed, the stay of the remittitur will remain in effect until final disposition of the certiorari proceedings before the United States Supreme Court.

6. Since then, several judges in this district have stayed similar cases pending the exhaustion of all appeals before the United States Supreme Court. *E.g., Nationstar Mtg. LLC v.*

---

[1] Defendant Homeowner Association Services, Inc. is no longer represented by counsel. In other HOA cases, previous counsel indicated he did not oppose the stipulation, but was unable to get in touch with his client.

{41244004;1}                    2

*Green Valley S. Owners Assoc.*, No. 2:16-cv-00883-GMN-GWF; *Bank of America, N.A. v. Canyon Willow Trop Owners' Assoc.*, No. 2:16-cv-01327-GMN-VCF (D. Nev. Oct. 26, 2016); *Deutsche Bank Nat'l Trust Co. v. Copper Sands HOA*, No. 2:16-cv-00763-JAD-CWH (D. Nev. Feb. 28, 2017).

7. To determine if a continued stay is appropriate, the Court considers (1) damage from the stay; (2) hardship or inequity that befalls one party more than the other; and (3) the orderly course of justice. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (setting forth factors). Here, the factors support a stay of litigation.

a. <u>Damage from Stay</u>: Any damage from a temporary stay in this case will be minimal if balanced against the potential fees, costs, and time which would surely ensue in this matter if litigation were allowed to continue that could be mooted by a decision in *Bourne Valley* certiorari proceedings. Indeed, the parties will be enable to avoid the cost and expense of continued legal proceedings in light of what is unsettled law to say the least. Moreover, the Court will be relieved of expending further time and effort until the conflict between the circuit and Nevada Supreme Court is resolved. Thus, a stay will benefit all parties involved herein.

b. <u>Hardship or Inequity</u>: There will be no significant hardship or inequity that befalls one party more than the other. This relatively equal balance of equities results from the need for all parties to have finality, given the split in the state and federal court decisions. The parties agree that any hardship or inequity falling on any of them is outweighed by the benefits of a stay.

c. <u>Orderly Course of Justice</u>: At the center of this case is a homeowners' association's foreclosure sale under NRS 116. The outcome of the petitions for writ in *Bourne Valley* and/or *Saticoy Bay* have the potential to affirm or overturn either case. Without a stay, the parties will expend resources that will be unnecessary if either or both petitions are granted. A stay would also avoid a likely appeal from any subsequent judgment in this case. A temporary stay would substantially promote the orderly course of justice in this case. A stay will avoid the moving forward without final resolution of the federal issues and the state court/federal court conflict.

8. The parties agree that all proceedings in the instant case, including motion and other litigation deadlines, are stayed pending final resolution of the *Bourne Valley* and/or *Saticoy Bay* certiorari proceedings before the United States Supreme Court.

{41244004;1}   3

9. Defendant Hitchen Post shall be required to keep current on all property taxes and assessments, HOA dues, maintain the property, and maintain insurance on the property at issue.

10. Pending review and approval of this stipulation by the Court, any deadlines for currently pending motions are suspended (included summary judgment motions due March 28, 2017. See ECF No. 27.  If the stipulation is not approved by the Court, the parties stipulate any motions will be due 7 days from the entry of the Court's order.  If this stipulation is granted, no responsive pleadings or motions are due while the stay is in effect.

11. Defendant Hitchen Post shall be prohibited from selling or encumbering the property unless otherwise ordered by the Court.

12. Plaintiff BANA is prohibited from conducting foreclosure proceedings on the property unless otherwise ordered by the Court.

…
…
…
…
…
…
…
…
…
…
…
…
…
…
…

{41244004;1}                                                        4

13.  Any party may file a written motion to lift stay at any time for either party determines it appropriate.

Respectfully submitted, this 22 day of March, 2017.

| AKERMAN LLP | LAW OFFICES OF MICHAEL F. BOHN |
|---|---|
| /s/ *Tenesa Scaturro*<br>MELANIE D. MORGAN<br>Nevada Bar No. 8215<br>TENESA S. SCATURRO, ESQ.<br>Nevada Bar No. 12488<br>1160 Town Center Drive, Suite 330<br>Las Vegas, Nevada 89144<br><br>*Attorneys for Plaintiff/Counter-Defendant Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP* | /s/    *Michael Bohn*<br>MICHAEL F. BOHN, ESQ.<br>Nevada Bar No.<br>376 East Warm Spring Road, Ste #140<br>Las Vegas, NV 89119<br><br>*Attorneys for Defendant Hitchen Post Dr. Trust* |
| **Lipson, Neilson, Cole, Seltzer & Garin, P.C.**<br><br>/s/ *David T. Ochoa*<br>DAVID T. OCHOA, ESQ.<br>Nevada Bar No. 10414<br>9900 Covington Cross Drive, Suite 120<br>Las Vegas, Nevada 89144<br><br>*Attorneys for South Valley Ranch Community Association* | |

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT COURT JUDGE**

DATED: March 23, 2017