**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BANK OF AMERICA, N.A., | ) |
| Plaintiff, | ) Case No. 2:16-cv-01013-KJD-CWH |
| vs. | ) **REPORT & RECOMMENDATION** |
| SOUTH VALLEY RANCH COMMUNITY ASSOCIATION, et al., | ) |
| Defendants. | ) |

This matter is before the court on Defendant Homeowner Association Services, Inc.'s ("HASI") failure to comply with the court's orders (ECF Nos. 31, 35) and order to show cause (ECF No. 36).

**I.     BACKGROUND**

On March 20, 2017, and April 19, 2017, the court entered orders requiring HASI, which is a corporation, to retain a substitute attorney and to have that attorney file an appearance in this case. (Order (ECF No. 31); Order (ECF No. 35).) Those orders warned HASI that a corporation must appear in court through an attorney and warned HASI that failure to retain an attorney may result in the imposition of sanctions under Local Rule IA 11-8 and Rule 16(f)(1)(C) of the Federal Rules of Civil Procedure. (Order (ECF No. 31) at 1-2; Order (ECF No. 35) at 1.) HASI has failed to retain a substitute attorney and has not requested an extension of time to do so.

On May 19, 2017, the court entered an order to show cause that advised HASI that failure to respond to the order to show cause "will result in a recommendation to the United States district judge assigned to this case that default judgment be entered against Defendant Homeowner Association Services, Inc. for its failure to retain an attorney for the duration of the litigation." (OSC (ECF No. 36) at 1.) HASI has not responded to the order to show cause and has not requested an extension of time to do so.

## II. ANALYSIS

The broad, underlying purpose of the Federal Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The rules provide several mechanisms that allow courts to accomplish this goal through the use of sanctions against parties that fail to comply with court orders or that unnecessarily multiply proceedings. Federal Rule of Civil Procedure 16 is the central pretrial rule that authorizes courts to manage their cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated." *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). Specifically, Rule 16(f) "puts teeth into these objectives by permitting the judge to make such orders as are just for a party's failure to obey a scheduling or pretrial order, including dismissal." *Id.* Rule16(f) provides in relevant part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference . . . or fails to obey a scheduling order or other pretrial order." Fed. R. Civ. P. 16(f)(1).

Potential sanctions under Rule 37(b)(2)(A) include striking pleadings and rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi). "A court must consider the following five factors before striking a pleading or declaring default: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012) (quotation omitted). Only "willfulness, bad faith, or fault of the party" justify terminating sanctions. *Id.* (quotation omitted). It is within the court's discretion whether to impose discovery sanctions. *Id.*

Here, the first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of terminating sanctions. HASI has completely disengaged from participation in this case, as demonstrated by its failure to comply with the court's orders requiring it to retain a substitute attorney and its failure to respond to the court's order to show cause. HASI's repeated failures to comply with the court's orders are inconsistent

with Rule 1's directive to "secure a just, speedy, and inexpensive" determination of this action. HASI's failures to comply with the court's orders also have interfered with the court's management of its docket, multiplied these proceedings, and have squandered the court's resources.

The third factor and fourth factors, risk of prejudice to the other parties and the public policy favoring disposition of cases on their merits, also weigh in favor of terminating sanctions. HASI's failure to comply with the court's orders have made it impossible for this case to move forward as to HASI, given that corporations must appear in court through an attorney. *See United States v. High Country Broad.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam). HASI's failure to respond to the court's orders also are prejudicial to the other parties, who are entitled to conduct discovery, proceed to trial, and obtain a rightful decision in this case.

Finally, sanctions less drastic than terminating sanctions are unavailable because HASI has refused to comply with multiple court orders. Given HASI's failure to comply with past orders, the court has no reason to believe it would comply with future orders. HASI was warned on multiple occasions that failure to comply with the court's orders and to respond to the order to show cause would result in a recommendation to the district judge assigned to this case that sanctions be entered against it.

Given that these factors all weigh in favor of terminating sanctions, the court will recommend that HASI's answer be stricken as a sanction for its failure to comply with the court's orders and that Plaintiff be permitted to move for default judgment or take any other action that Plaintiff deems appropriate in light of the district judge's disposition of this report and recommendation.

**III.    RECOMMENDATION**

IT IS THEREFORE RECOMMENDED that Defendant Homeowner Association Services, Inc.'s answer (ECF No. 19) be STRICKEN.

**IV.    NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served

with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: June 21, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**